[No. 22598. Department One. December 29, 1930.]

R. L. BLEWETT, *as Receiver, Appellant,* v. A. L. WARD *et al., Respondents.*[1]

*Hammond & Frye,* for appellant.

*Schwellenbach, Merrick & Macfarlane,* for respondents.

[1]Reported in 294 Pac. 577.

MAIN, J.—This action was brought by the receiver of the West Coast Finance Company, an insolvent corporation, for the purpose of recovering upon a promissory note. The defendants denied liability, and affirmatively pleaded that the giving of the note was induced by fraud. The defendants also sought judgment against the plaintiff for the amount of money paid to the West Coast Finance Company at the time the note was given. The cause was tried to the court without a jury, and resulted in findings of fact, from which the court concluded that no recovery could be had upon the note, and that the defendants were entitled to recover the money which they had paid. Judgment was entered dismissing the plaintiff's complaint and giving the defendants recovery in the sum of $2,184.50, which the judgment recited should be a general claim against the plaintiff as receiver. From this judgment, the plaintiff appealed.

The facts are these: The West Coast Finance Company was a corporation, with its principal place of business in the city of Seattle, where it was engaged in buying and selling stocks upon a commission. A. L. Ward, who will be referred to as though he were the only respondent, resided at Onalaska, in Lewis county, this state. November 21, 1928, the respondent purchased from the West Coast Finance Company one thousand shares of stock in the General Mining, Milling & Power Company for the sum of $1,350, and fifty shares of stock in the American Rayon Company for the sum of $1,075. November 23, or two days later, he purchased from the same company five thousand additional shares in the General Mining, Milling & Power Company for the sum of $6,750, and agreed to pay a commission to the West Coast Finance Company in the sum of $184.50. November 25, 1928, at Onalaska, the respondent entered into an agreement with the fi-

nance company, through one of its representatives, that he would pay $2,000 in cash, plus the above mentioned commission, and make a promissory note for the sum of $7,175. The cash was paid and the note given. The finance company was to appropriate the stock to the use and benefit of the respondent, and hold the same as collateral security for the payment of the note. After the receiver was appointed, he found in an envelope in the files of the finance company the note and the six thousand shares of the General Mining, Milling & Power Company stock. No American Rayon Company stock was found, and it does not appear that the finance company ever owned any such stock or acquired any and set it aside for the use and benefit of the respondent.

The respondent says that, when he made the purchases of stock above referred to, the agent of the finance company represented that the value of the General Mining, Milling & Power Company stock was much greater than in fact it was; and also misrepresented the price at which the stock was selling upon the Spokane stock exchange. The appellant denies that any false or fraudulent representations were made, and this presents the principal question in the case, which is purely one of fact.

The trial court made this finding:

"That between the 21st day of November, 1928, and the 25th day of November, 1928, the West Coast Finance Company solicited the defendant A. L. Ward to purchase 6,000 shares of the General Mining, Milling & Power Company stock, and represented to said defendant that said stock was a valuable stock well worth $1.35, and that it had a fixed market value of $1.35 and more upon standard stock exchanges in the state of Washington and state of California, and exhibited to said defendant certain documents in writing and statements purporting to be official daily sheets of the Spokane Stock Exchange, Ltd. showing an increase in

the price of said stock from day to day, particularly between the dates of November 19th, 1928, and the 26th day of November, 1928. That said representations as to the market value of said stock were false and fraudulent. That said stock did not have at said time any market value whatsoever, and that said documents, and particularly said official daily sheets of said Spokane Stock Exchange, Ltd., were false and untrue, and that the West Coast Finance Company through a series of fraudulent manipulations caused said market value to appear upon said daily sheets and upon other documents for the purpose of misleading and deceiving the said defendants.''

If, as there found, the agent of the finance company, at the time of the purchase of the stock, made representations which were false and fraudulent as to its value, this would be a representation of fact and not the expression of an opinion. *Community State Bank v. Day*, 126 Wash. 687, 219 Pac. 43. There can be no question that, if the West Coast Finance Company manipulated the sale of the stock upon the Spokane stock exchange in the manner found, and used the daily sheets of the exchange to induce the respondent to purchase the stock, this would constitute fraud. The appellant says that the finding is not supported by the evidence, but with this contention we are not able to agree. As we understand the record, there is substantial evidence supporting the finding made by the trial court, and we are in entire accord with that finding. That the respondent was induced, through fraudulent representations, to purchase the General Mining, Milling & Power Company stock is amply supported by the evidence.

As to the American Rayon Company stock, the situation is a little different, there being no fraudulent representations. This stock, however, was never acquired or set aside by the finance company for the use and benefit of the respondent. To the extent of the

value of this stock, the consideration had failed. Certainly the appellant cannot recover for something which the respondent never received, which was not owned or acquired by the finance company, and which was not set aside for the use and benefit of the respondent.

The judgment will be affirmed.

MITCHELL, C. J., PARKER, TOLMAN, and HOLCOMB, JJ., concur.